**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CRIMINAL ACTION NO. 4:18-CR-169 |
| | § | |
| ROBERT ESTRADA, JR. (1), | § | |
| | § | |
| Defendant. | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Now before the Court is the request for revocation of Defendant Robert Estrada, Jr.'s ("Defendant") supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on January 7, 2021, to determine whether Defendant violated his supervised release. Defendant was represented by retained counsel, Steve Hayden. The Government was represented by Tracy Batson.

Defendant was sentenced on September 22, 2006, before The Honorable Sidney A. Fitzwater of the Northern District of Texas after pleading guilty to the offenses of: Count 2 – Possession with Intent to Distribute Methamphetamine, and Count 6 – Possession with Intent to Distribute Methamphetamine, Class A felonies. These offenses carried a statutory maximum imprisonment term of Life. The guideline imprisonment range, based on a total offense level of 31 and a criminal history category of I, was 120 to 135 months. Defendant was subsequently sentenced to 120 months imprisonment on each Count ordered to run concurrently, followed by a 5-year term of supervised release, subject to the standard conditions of release, plus special conditions to include drug aftercare and a $200 special assessment. On January 5, 2016, Defendant completed his period of imprisonment and began service of the supervision term. On March 20,

2018, jurisdiction of this case was transferred to the Eastern District of Texas, Sherman Division, and assigned to The Honorable Amos L. Mazzant, III.  On January 4, 2019, Mr. Estrada completed the 3-year term of supervised release imposed in Count 2 of this case.  On January 9, 2020, a petition to revoke his term of supervised release was filed [Dkt. 2, Sealed].

On December 17, 2020, the U.S. Probation Officer executed a First Amended Petition for Warrant or Summons for Offender Under Supervision [Dkt. 5, Sealed].  The Petition asserted that Defendant violated seven (7) conditions of supervision, as follows: (1) The defendant shall not commit another federal, state, or local crime; (2) The defendant shall not unlawfully possess a controlled substance; (3) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician; (4) The defendant shall not unlawfully possess a controlled substance.  The defendant shall refrain from any unlawful use of a controlled substance; (5) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician; (6) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer; and (7) The defendant shall participate in a program (inpatient/outpatient) approved by the U.S. Probation Office for treatment of narcotic, drug, or alcohol dependency, which will include testing for the detection of substance use or abuse.  The defendant shall abstain from the use alcohol and/or all other intoxicants during and after completion of treatment [Dkt. 5 at 1-3, Sealed].

The Petition alleges that Defendant committed the following acts: (1), (2), (3) On October 16, 2020, an officer with the Richardson, Texas, Police Department conducted a traffic

stop on a vehicle being driven by the defendant.  A record check revealed an active warrant from the U.S. Marshals Service.  An inventory of the defendant's vehicle revealed a backpack containing a loaded HK VP9, 9mm handgun, bearing Serial Number 224169244, and an additional loaded magazine.  The handgun had been reported stolen out of McKinney, Texas.  During the inventory of the defendant's vehicle, the officer observed the fuse panel to the driver side dash had been removed.  A search of the area revealed a bag of cocaine, that was concealed inside a koozie tucked under the dash below the steering wheel.  On December 10, 2020, the defendant was indicted in Dallas County Criminal District Court #2, Docket Numbers F2045837 and F2045838, and charged with Manufacture/Delivery of a Controlled Substance, Penalty Group 1, and Unlawful Possession of Firearm by Felon, respectively.  He posted bond on these charges on October 30, 2020, but has remained in custody on the federal warrant, and these charges remain pending; (4) On November 12, 2017, the Coppell, Texas, Police Department conducted a traffic stop on a vehicle being driven by Defendant.  In the back seat, the officer observed a manufactured box for a digital scale in an unzipped duffel bag.  Upon removing the scale and cover, the officer observed small pieces of cannabis flower.  The defendant advised the scale belonged to his uncle; (5) On February 19, 2018, the defendant submitted a urine specimen that tested positive for cocaine.  The specimen was confirmed positive by Alere Toxicology.  On December 3, 2018, the defendant admitted to the probation officer verbally and in writing to using cocaine in late November 2018 and early December 2018.  On January 15, 2019, the defendant admitted to the probation officer verbally and in writing to using cocaine and an opioid medication that was not prescribed to him. On January 21, 2019, the defendant provided a urine sample at Addiction Recovery Center in Lewisville, Texas, that tested positive for cocaine.  The specimen was confirmed positive by Alere Toxicology.  On November 26, 2019, the defendant provided a urine specimen that tested positive

for cocaine.  The defendant gave a written admission that he used cocaine.  The specimen was confirmed positive by Alere Toxicology; (6) A True View report provided by the Sacramento Intelligence Unit revealed the defendant maintained contact with Bureau of Prison (BOP) inmates via telephone.  Specifically, he had contact with Louis Johnson on January 17 and 23, 2016; Guadalupe Rodriguez on February 12, 2016; and Manchino Hudson on January 8, and February 6, 2016.  On February 19, 2016, during an office visit, defendant admitted verbally to having continued contact with BOP inmates; and (7) On May 5, 2016, the defendant submitted a urine specimen that tested positive for alcohol.  On May 5, 2016, the defendant admitted verbally that he consumed less than a quart of beer two days prior to submitting the positive specimen.  On October 31, 2019, the defendant was unsuccessfully discharged from Addiction Treatment Resources for noncompliance with the treatment program.  [Dkt. 5 at 1-3, Sealed].

Prior to the Government putting on its case, Defendant entered a plea of true to allegations 4 (except for 2017 Coppell traffic stop) 5, 6, and 7 of the Petition.  The Government dismissed the remaining allegations, specifically, allegations 1, 2, 3, and the portion of allegation 4 regarding the 2017 Coppell traffic stop.  Having considered the Petition and the plea of true to allegations 4 (except for the 2017 Coppell traffic stop which the Government dismissed), 5, 6, and 7, the Court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this Court.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for a term of ten (10) months, with no term of supervised release to follow.

The Court also recommends that Defendant be housed in a Bureau of Prisons facility in the North Texas area, specifically Texarkana, if appropriate.

**SIGNED this 1st day of March, 2021.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE